IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13 CR 09-18

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HEATHER MARIE WEST. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on July 31, 2013. At that time, the Court presented the issue of whether or not Defendant should be detained pursuant to 18 U.S.C. § 3143(a)(2). This matter further came before the Court pursuant to an oral motion made by counsel for Defendant requesting that Defendant continue to be released on terms and conditions of pretrial release, pursuant to 18 U.S.C. § 3145(c). Defendant was present with her attorney, Carol Ann Bauer and the Government was present and represented through Assistant United States Attorney Thomas Kent. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On May 2, 2013 a bill of indictment was issued charging the

1

Defendant with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On July 31, 2013, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the Defendant to the charge of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. At the end of the Rule 11 proceeding, the Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has now entered a plea of guilty on July 31, 2013 to conspiracy to possess with intent

2

Case 2:13-cr-00009-MR-WCM    Document 168    Filed 08/19/13    Page 2 of 6

to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) & 846. That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney Thomas Kent as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Kent advised the Court that such a recommendation would not be made in this matter.

As a result of the plea of guilty, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. Based upon the statements of Mr. Kent, it appears that no attorney for the Government will recommend that no sentence of imprisonment be imposed upon the Defendant. It would thus appear, and the Court is of the opinion that the Court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

Defendant's counsel made an oral motion contending that exceptional circumstances exist which would merit the continued release of Defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the

3

conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger instructed the undersigned to conduct the exceptional circumstances determination as set forth by the above referenced statute. The definition of what constitutes exceptional circumstances is set forth in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In Vilaiphone Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in

combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

At the hearing, Defendant's counsel presented to the Court documentation which showed that Defendant was pregnant and needed to be released so she could deliver her child. In support of the motion, Defendant submitted a document showing that she had been an emergency care center on July 30, 2013 and had been tested to see if she was pregnant and the test resulted in a positive result.

The undersigned has compared the contentions of Defendant with the definition of "exceptional circumstances" by Judge Reidinger as set forth in Vilaiphone. Pregnancy, in the past, has been considered in this district as a circumstance which would make the detention of Defendant "clearly out of the ordinary, uncommon, or rare." Mr. Kent, on behalf of the Government, stated to the Court that he had no objection to Defendant continuing to be released. As a result of the evidence of Defendant and the lack of objection by the Government, the undersigned is of the opinion that the circumstances shown by Defendant at

5

Case 2:13-cr-00009-MR-WCM   Document 168   Filed 08/19/13   Page 5 of 6

this time, meet the definition of exceptional circumstances that merits the continued release of Defendant. However, Defendant was directed, on July 31, 2013, to obtain the services of an obstetrician to assist her in regard to the delivery of her child and to report back to the Court on August 14, 2013 with the name of the obstetrician and documentation showing that Defendant was receiving treatment from the obstetrician to assist her in the delivery of her child.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release are hereby **ORDERED** to be continued in force and effect until August 14, 2013. On that date, the undersigned will conduct a hearing in the United States Courthouse in Asheville, North Carolina in courtroom #2 at 9:30 a.m. to determine whether or not Defendant can show that exceptional reasons exist that would merit her continued release.

Signed: August 19, 2013

Dennis L. Howell
United States Magistrate Judge