IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13 CR 09-18

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| HEATHER MARIE WEST, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a Violation Report (#167) filed in the above entitled cause on August 14, 2013 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Carol Bauer, and the Government was present through Assistant United States Attorney, John Pritchard, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

The Defendant was charged in a bill of indictment filed on May 2, 2013 with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846 and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On June 3, 2013, the undersigned presided at a hearing in regard to the detention of Defendant and released Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

> (8)(i) Defendant is to travel only in the Western District of North Carolina or travel as approved by the Office of Probation and Pretrial Services. Have no contract with anyone involved in unlawful use, possession or trafficking of drugs or any other unlawful conduct.

On July 31, 2013 the undersigned accepted a plea of guilty of Defendant to the charge contained in count one of the bill of indictment, that being the offense of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. The Court presented the issue of whether or not Defendant, at that time should be detained, pursuant to 18 U.S.C. § 3143(a)(2) and determined that Defendant should be detained. Defendant's counsel made an oral motion contending that exceptional circumstances existed which merited the continued release of Defendant, pursuant to 18 U.S.C. § 4145(c). It was represented to the

undersigned through a document introduced into evidence by Defendant that Defendant had been to an emergency care center on July 30, 2013 and had been tested to see if she was pregnant and the test resulted in a positive result. The undersigned then determined that exceptional circumstances had been shown and ordered that Defendant continued to be released on terms and conditions of release. The undersigned further directed Defendant to obtain the services of an obstetrician to assist her in regard to the delivery of the child. The Defendant was to report back to the Court on August 14, 2013 with the name of the obstetrician and documentation showing that Defendant was receiving treatment from the obstetrician to assist her in the delivery of the child. Defendant did not appear on August 14, 2013. The undersigned issued a warrant for the arrest of Defendant for her failure to appear and also directed that a warrant be issued based upon the Violation Report. The Violation Report alleged that Defendant's mother and third-party custodian, Angela Mathis, had informed the United States Probation Office that Defendant had sent her a text message on August 13, 2013 stating she was in Alabama with the sister of a co-defendant, Carlos Lopez, and Defendant had further informed her mother that she would not be returning for Court because she "can't go to jail." On August 19, 2013, Defendant was brought before the undersigned, having been taken into custody by the United States Marshal. The

Defendant, through her attorney, admitted the allegation contained in the Violation Report. Defendant's attorney further advised the Court that further testing of Defendant had been done during the period between July 31, 2013 and August 19, 2013 which showed that Defendant was not pregnant.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that it has been shown by clear and convincing evidence that Defendant violated the condition of release which directed that she must travel only in the Western District of North Carolina

4

or travel as approved by the Office of Probation and Pretrial Services. Defendant has admitted the allegations contained in the Violation Report.

Due to the findings made above, it appears there is no condition or combination of conditions that would assure that Defendant will not pose a danger to the safety of any other person or the community or which would assure that Defendant would not flee the jurisdiction. It is the opinion of the undersigned, upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

The Court further finds that it is no longer clearly shown that there are exceptional reasons why Defendant's detention would not be appropriate, pursuant to 18 U.S.C. § 3143(a)(2). The Court is now advised that Defendant is not pregnant and thus exceptional reasons do not exist that would merit the continued release of Defendant. The provisions of 18 U.S.C. § 3143(a)(2) are mandatory and require the detention of a Defendant who has entered a plea of guilty to a crime described in Subparagraph (A)(B) or (C) of Subsection (f)(1) of § 3142 and is awaiting imposition or execution of sentence. On July 31, 2013 at the Rule 11

hearing, the United States Attorney advised that the Government would not recommend that no sentence of imprisonment be imposed upon Defendant and the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted due to the plea of guilty of Defendant.

As a result of the foregoing, the Court is of the opinion that the Court is required to apply the factors as set forth in 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant and further that Defendant has violated terms and conditions of pretrial release as provided under 18 U.S.C. § 3148.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: August 23, 2013

Dennis L. Howell
United States Magistrate Judge